# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ZACHARY SIMMERS, | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-17-563 |
| WARDEN, | * | |
| Respondent | * | |

## MEMORANDUM

Zachary Simmers, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his confinement at the Patuxent Institution. ECF 1. Respondent moves to dismiss the Petition on the basis that Simmers failed to exhaust his claim in state court prior to instituting this case.[1] ECF 9. For the reasons to follow, the Petition will be DENIED and DISMISSED without prejudice.

**Background**

Simmers, a State inmate, indicates that at his state court sentencing hearing, the judge directed he be sent to Patuxent for "alternative to intense drug reh[a]bilitation, [which] is called the R.D.T.C. program." ECF 4 at 7. Simmers states that the R.D.T.C. drug program at Patuxent has been suspended for over a year and a half. He complains that he is not enrolled in any programs at Patuxent. *Id.* Simmers claims that if you are not enrolled in a program at Patuxent you are to be immediately sent to another facility. He states that he would like to be sent to Jessup Correctional Institution or a facility in Hagerstown, Maryland. *Id.* He also states that he was advised by case management that he was put on a transfer list. *Id.*

Simmers is serving a term of confinement in the Division of Correction which

---
[1] The Motion to Withdraw as Attorney (ECF 11) shall be granted.

1

commenced on July 15, 2015, and ends on July 15, 2034, based upon a 20 year sentence for first degree assault imposed by the Circuit Court for Frederick County. ECF 9-1. Maryland inmates may earn diminution of confinement credits to reduce the length of their incarceration. Md. Code Ann., Corr. Servs. §§ 3-701-711. As of the filing of the Response to the Petition, Petitioner has been allowed a total of 1,059 diminution of confinement credits. ECF 9-2. Subtracting the credits from his maximum expiration date of his term of confinement (July 15, 2034) provides an anticipated mandatory supervision release date of August 21, 2031. *Id.*

Simmers has not filed a petition for writ of habeas corpus in any State circuit court. ECF 9-3

**Analysis**

Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Sentence and diminution credit calculation disputes generally are issues of state law and do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970); *see also McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998); *see also Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

Assuming Simmers has presented a federal question here, his Petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28

U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment). Thus, before seeking federal habeas corpus relief, Simmers must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Simmers may challenge the calculation of his term of confinement by pursuing both administrative and judicial remedies. He may file a grievance with the Inmate Grievance Office ("IGO"). *See generally Adamson v. Correctional Medical Services, Inc.*, 753 A.2d 501 (Md. 2000); Md. Code Ann., Corr. Servs. § 10-206(a). If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *Id.* at § 10-207(c). An order of the OAH finding that an inmate's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review. *Id* at § 10-209(b)(1)(ii). If the OAH finds that the grievance is meritorious, an order is forwarded to the

Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. *Id.* at § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." *Id.* at § 10-210(b)(2). Adams may thereafter seek review in the Maryland Court of Special Appeals by application for leave to appeal, *id.* at § 10-210(c)(2), and, if the Maryland Court of Special Appeals grants the application for leave to appeal but denies relief on the merits, he may then seek review in the Maryland Court of Appeals by petition for writ of *certiorari*. *See Williams v. State*, 438 A.2d 1301 (Md. 1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Furthermore, a prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts by petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (Md. 1997)(abrogated on other grounds by *Moats v. Scott*, 751 A. 2d 462 (Md. 2000). The inmate may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek *certiorari* in the Maryland Court of Appeals. *See generally Stouffer v. Pearson*, 887 A.2d 623 (Md. 2005); *Stouffer v. Staton*, 833 A.2d 33 (Md. 2003); *Jones v. Filbert*, 843 A.2d 908 (Md. App. 2004).

There is no indication that Simmers has made any effort to exhaust his administrative remedies. This Court may not entertain the issues presented in the Petition while the Maryland courts have not had the opportunity to fully review the claims raised.[2]

---

[2] Because it is well established that prisoners do not have a constitutional right to access programs or to demand to be housed in one prison verses another, absent a showing of significant hardship, to the extent Simmers intended to bring this complaint as a civil rights claim under 42 U.S.C. §1983, his claims are subject to dismissal. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976), *see also Sandin v. Conner*, 515

4

Accordingly, the habeas corpus relief requested shall be denied without prejudice and dismissed as unexhausted. A separate Order follows

MARCH 27, 2018
Date

Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

U.S. 472, 493 (1995), requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest.